UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICKI A. BECHARD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  10-CA-285-XR |
| | § | |
| VIA METROPOLITAN TRANSIT, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

On this day, the Court considered Plaintiff Vicki Bechard's motion for leave to amend her

complaint (Docket Entry No. 15) and Defendant VIA Metropolitan Transit's response (Docket

Entry No. 20).  For the following reasons, Plaintiff's motion for leave to amend is DENIED.

**Background**

Plaintiff filed her complaint on April 14, 2010, alleging that her suspension from

employment on three separate occasions in 2009 and 2010 was discriminatory and retaliatory, in

violation of 42 U.S.C. § 2000e, et seq.[1]  She seeks injunctive relief, compensatory damages, and

attorney's fees and costs.[2]  Plaintiff now seeks to add an additional claim of hostile work

environment in violation of 24 U.S.C. §2000e, and seeks compensatory damages on the additional

---

[1]Pl.'s Compl. 4-5, Apr. 14, 2010 (Docket Entry No. 1).

[2]*Id.*

1

claim.[3]  Plaintiff filed her motion for leave to amend before the September 13, 2010 deadline set in the Court's First Amended Scheduling Order (Docket Entry No. 11).  Defendant argues that Plaintiff's motion for leave to amend should be denied, because the proposed addition of a hostile work environment claim would be futile as that claim would be subject to dismissal due to Plaintiff's failure to exhaust her administrative remedies.[4]

### Legal Standard

As Defendant has already filed an Answer, and Defendant opposes Plaintiff's proposed amendment, Plaintiff may only amend her Complaint with leave of the Court.  FED. R. CIV. P. 15(a).  Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), leave to amend is not automatic.  *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).  The decision to grant or deny a motion to amend is within the sound discretion of a trial court.  *Id.*  In exercising its discretion, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment."  *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  A proposed amendment is futile if it fails to state a claim upon which relief could be granted such that it would be subject to dismissal.  *Stripling v. Jordan Production Co.,* 234 F.3d 863, 873 (5th Cir. 2000).

---

[3]Pl.'s Proposed Am. Compl. 6, Ex. A to Pl.'s Mot. for Leave to Amend, Sep. 10, 2010 (Docket Entry No. 15).

[4]Def.'s Resp. to Pl.'s Mot. for Leave to Amend 5, Sep. 24, 2010 (Docket Entry No. 20).

**Analysis**

Before filing an employment discrimination claim under 42 U.S.C. § 2000e in federal district court, an employee must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta,* 448 F.3d 783, 788 n. 6 (5th Cir. 2006), *cert. denied*, 549 U.S. 888 (2006)).  The employee may only file suit in federal court after the administrative efforts have terminated.  *McClain*, 519 F.3d at 273.

Plaintiff did not explicitly raise a claim of hostile work environment in either of the two charges she filed with the EEOC.[5]  A claim that is not explicitly raised in an EEOC charge is not necessarily subject to dismissal, but the Plaintiff is only considered to have exhausted the claim if it could "reasonably be expected to grow out of the charge of discrimination."  *McClain*, 519 F.3d at 273 (quoting *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465 (5th Cir. 1970).  Such a claim must be "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission."  *Sanchez,* 421 F.2d at 466.  Thus, this Court must determine whether Plaintiff's proposed hostile work environment claim could reasonably be expected to grow out of the allegations in her EEOC charges, during the course of the EEOC's investigation.

To evaluate whether an employee has been subjected to a hostile work environment claim, the Fifth Circuit looks to the totality of the circumstances, including (1) the frequency of the discriminatory conduct, (2) the severity of the discriminatory conduct, (3) whether the conduct is

---

[5]*See* EEOC Charge filed by Vicki Bechard, Feb. 28, 2009 (attached as Ex. A to Def.'s Resp.); Amended EEOC Charge filed by Vicki Bechard, Sep. 21, 2009 (attached as Ex. B to Def.'s Resp.).

3

physically threatening or humiliating, and (4) whether the conduct unreasonably interferes with the employee's work performance. *Turner v Baylor Richardson Medical Center,* 476 F.3d 337, 347 (5th Cir. 2007) (citing *Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir. 2000)). Isolated incidents do not rise to the level of creating a hostile work environment unless they are extremely serious. *Turner,* 476 F.3d at 348 (citing *Hockman v. Westward Communications,* 407 F.3d 317, 328 (5th Cir. 2004).

An investigation of a hostile work environment claim is not expected to grow out of an EEOC charge that does not mention a hostile work environment, but merely alleges discrete acts of discrimination. *See Hill v. Dep't of Veterans Affairs,* 2009 WL 348767 at *4 (5th Cir. 2009); *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409 (5th Cir. 2007). Plaintiff's EEOC charges allege only three discrete instances of discrimination and retaliatory conduct, specifically the three occasions on which she was suspended and/or placed on probation by her employer.[6] The charges allege that these three incidents were discriminatory based on her race and gender, and in retaliation for her filing internal complaints of discrimination and for filing her first EEOC

---

[6]EEOC Charge filed by Vicki Bechard, Feb. 28, 2009 (attached as Ex. A to Def.'s Resp.); Amended EEOC Charge filed by Vicki Bechard, Sep. 21, 2009 (attached as Ex. B to Def.'s Resp.). Plaintiff's first EEOC charge stated that she filed an internal complaint of discrimination on August 28, 2008; she was suspended for two days without pay on January 20, 2009; and she believed the suspension was in retaliation for her internal complaint. Plaintiff's second EEOC additionally stated that she had also filed an internal complaint on November 27, 2007; she believed the January 20, 2009 suspension was discriminatory as well as in retaliation for filing the internal complaints; she was suspended again on August 24, 2009; she believed that suspension was discriminatory as well as in retaliation to filing her original EEOC charge on March 9, 2009 and her prior internal complaints of discrimination; she was again suspended and also put on probation on September 4, 2009; and she believed the suspension and probation were discriminatory as well as in retaliation for her first EEOC charge and her prior internal complaints of discrimination. *Id.*

4

charge.[7]  Neither of Plaintiff's EEOC charges allege any other facts relating to any of the factors of the hostile work environment test.[8]  Investigation of a hostile work environment claim could not be reasonably expected to grow out of her allegations.

### Conclusion

Plaintiff's hostile work environment claim was not raised in her EEOC charge and could not be seen to grow out of the allegations contained therein.  Therefore the claim has not been exhausted, and is subject to dismissal by this Court.  *McClain*, 519 F.3d at 273.  Accordingly, the amendment proposed by Plaintiff to add the hostile work environment claim would be futile. *Stripling,* 234 F.3d at 873.  Plaintiff's motion for leave to amend her complaint is therefore DENIED.

It is so ORDERED.

SIGNED this 5th day of October, 2010.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[7]*Id.*

[8]*See id.*